# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| SARAH PARKER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH FELDER, DECEASED,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:17-00582-JMC _____<br><br><br><br><br><br>**C O M P L A I N T** |

The plaintiffs complaining of the above-named defendant allege the following:

1. The plaintiff is the duly appointed personal representative of the Estate of Joseph Felder and brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671-80.

2. That Mr. Felder died on March 5, 2015, and his daughter, Sarah F. Parker pursues a survival action as his personal representative.

3. That on or about September 11, 2015, Sarah F. Parker, as personal representative of the Estate of Joseph Felder, submitted to the United States Department of Veterans Affairs a claim for injury.

4. That the United States Department of Veterans Affairs denied the claims of the plaintiff on September 6, 2016.

5. That this court has jurisdiction over the parties and this matter pursuant to the Federal Tort Claims Act.

6.      An expert's affidavit alleging professional negligence is attached hereto and filed contemporaneously with this complaint pursuant to S.C. Code Ann. § 15-36-100.

7.      That this matter is properly presented now to the federal district court for judicial consideration.

8.      That the plaintiff is a citizen of South Carolina.

9.      That defendant operates the Columbia, South Carolina Veterans Affairs Medical Center, *aka* Dorn VA Medical Center, under the auspices of the United States Department of Veterans Affairs.

10.     That at all times mentioned herein defendant was acting by and through its employees and was responsible for their acts and omissions pursuant to the Federal Tort Claims Act.

11.     That on or about December 30, 2013, the defendant undertook to provide hospital care to Joseph Felder at the Dorn VA Medical Center in Columbia, South Carolina, for treatment following a fall in a restaurant parking lot.

12.     That on or about December 30, 2013, the defendant took x-ray images of Mr. Felder's lower extremities.

13.     That on or about December 30, 2013, Mr. Felder was not treated for a fracture, even though the x-rays showed a non-displaced fracture of the distal femoral metadiaphysis.

14.     That on or about January 4, 2014, Mr. Felder returned to the Dorn VA in extreme pain, and another series of x-ray images were taken and showed a displaced fracture of his right femur.

15.     That Mr. Felder's VA records say, "Was in the ER Dec 30th following falling episode and was d/c with knee effusion – knee xray was read as a fracture and apparently missed.

Now pt. comes back to the ER with a communited [sic] fracture of the distal femur much worse than before."

16. That because of the failure to treat and stabilize Mr. Felder's right femur fracture at the Dorn VA Medical Center on December 30, 2013, Joseph Felder was caused to endure unnecessary physical pain and suffering, mental anguish and emotional distress, physical disfigurement and loss of enjoyment of life, and medical and caretaking expenses.

17. That plaintiff is informed and believe that the defendant by and through its employees was negligent in at least one of the following ways:

   a. In failing to recognize a non-displaced fracture of the distal femoral metadiaphysis;

   b. In failing to treat the fracture after reading the x-ray as a fracture;

   c. In causing extension and displacement of the fracture.

18. That plaintiffs are informed and believe that as a direct and proximate result of the acts and omissions of the defendant, Joseph Felder suffered extension and displacement of the fracture of his right femur and has been caused to endure unnecessary physical pain and suffering, mental anguish and emotional distress, physical disability, physical disfigurement and loss of enjoyment of life, and medical and caretaking expenses.

19. That plaintiff is informed and believe that the Estate of Joseph Felder is entitled to recover compensation from the defendant for his actual damages and losses.

WHEREFORE, the plaintiff prays for the following:

   a) Judgment for the Estate of Joseph Felder against the defendant for his actual damages;

   b) For the costs of this action and such further relief as the Court deems them entitled.

                By: **s/Charles L. Henshaw, Jr.**
                    CHARLES L. HENSHAW, JR.
                    FURR & HENSHAW
                    1534 Blanding Street
                    Columbia, South Carolina 29201
                    Telephone (803) 252-4050
                    Facsimile: (803) 254-7513
                    Email:   charles.henshaw@fholaw.com
                    ATTORNEY FOR PLAINTIFF

March 2, 2017